

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00101-CR
_____

WARREN RHONE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 18F0848202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Warren Rhone pled guilty to possession of less than one gram of cocaine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). Pursuant to a plea agreement, the trial court sentenced Rhone to twenty-four months' confinement in state jail and ordered him to pay a $2,000.00 fine but suspended the sentence in favor of placing Rhone on community supervision for five years. The State later moved to revoke Rhone's community supervision, and after Rhone pled true to some of the State's allegations that he violated the terms and conditions of his community supervision, the trial court revoked it and imposed the originally assessed sentence and fine. Rhone appeals.

Rhone's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On November 25, 2025, counsel mailed to Rhone copies of the brief, the motion to withdraw, and the appellate record. Rhone was informed of his rights to review the record and file a pro se response. By letter dated November 25, we informed Rhone that his pro se response

was due on or before December 29. On January 12, 2026, this Court further informed Rhone that the case would be set for submission on the briefs on February 2. We received neither a pro se response from Rhone nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the trial court's judgment.

In *Anders* cases, "appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is nonreversible error.'" *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd)).

The judgment shows that Rhone pled "NOT TRUE" to the allegations in the State's motion to revoke his community supervision. This conflicts with the reporter's record from the revocation hearing, which shows that Rhone pled "true" to several of the State's allegations. Here, Rhone's pleas of true to some of the allegations were sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). As a result, we modify the trial court's judgment to reflect that Rhone pled "TRUE" to the State's revocation motion instead of "NOT TRUE."

3

As modified, we affirm the trial court's judgment.[1]

Charles van Cleef
Justice

Date Submitted:     February 2, 2026
Date Decided:       February 19, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.